DANIEL T. HAGAN *vs.* JOHN K. SARTWELL.

Suffolk. November 18, 1887. — January 7, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Written Agreement — Extrinsic Evidence — Fraud.*

A creditor, who had executed an assignment and release of his claim, signed a receipt containing an agreement "to pay all my costs" in an action pending on the claim. The debtor refused to pay the costs in that action, and was defaulted. On a review, the creditor offered extrinsic evidence of an agreement by the debtor to pay the costs. *Held*, that, as the assignment and release would have been a defence to the original action, or ground for dismissing it, the evidence was immaterial.

WRIT OF REVIEW. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions the substance of which appears in the opinion.

*P. J. Doherty*, for the defendant in review.

*J. L. Eldridge*, for the plaintiff in review.

FIELD, J.   On February 3, 1883, Sartwell with other creditors of Hagan signed an agreement under seal, whereby he agreed to accept, in discharge of his claim against Hagan, twenty-five per cent thereof, to be paid within twenty days from date, " provided also that in addition to said twenty-five per cent all costs shall be paid."   When this agreement was signed by Sartwell, he had brought an action at law against Hagan on his claim, in which Hagan's goods had been attached, but the writ had not then been entered. . Hagan, through Everett, his attorney, paid his creditors, including Sartwell, the twenty-five per cent within the time agreed upon, and Sartwell with the other creditors signed and delivered to Everett papers under seal, the first purporting to assign to Everett all claims against Hagan, and the second purporting to release to Everett all claims against Hagan.   At the same time that Sartwell signed these papers he also signed a receipt for twenty dollars received from Everett, and containing an agreement " to pay all my costs " in the action pending against Hagan.   Hagan subsequently refused to pay the sheriff's fees in the suit, and Sartwell entered the writ on the return day in April, 1883, and, the defendant having been defaulted, obtained judgment against Hagan, whereupon Hagan brought this writ of review.

Sartwell offered to show that before he signed the receipt " there was an oral agreement between him and said Everett that Hagan was to pay all the costs in said Sartwell's suit against him, and also twenty dollars for the fee of said Sartwell's attorney ; that he, said Sartwell, did not read the receipt before signing it; that said Everett when he paid said twenty dollars said he wanted a receipt for it as a voucher, and thereupon drew up the receipt, which he handed to Sartwell to sign " ; and that Sartwell signed it and delivered it to Everett.   Sartwell also testified that he did not read the receipt, having confidence in Everett, and supposing that " it contained nothing but a receipt for the twenty dollars paid him to cover the amount of his attorney's fee."

Sartwell's contention was, that, although he could have read the paper if he had chosen to read it, and although Everett did

nothing to mislead him except to present the paper for signature, yet under the circumstances stated he was in fact deceived and misled by Everett, and that his signature was obtained by fraud.

The court ruled that the evidence of Sartwell as recited above " was inadmissible to vary the terms of the written agreement contained in the receipt, and that the evidence offered would not authorize the jury to find that the signature of the defendant in review to that agreement was obtained by fraud on the part of the plaintiff in review," and to this Sartwell excepted.

We are unable to see that the question presented is material. There is nothing in the exceptions to indicate that the delivery of the assignment and release was conditional upon or influenced by the form of the receipt, and the assignment and release would have been a defence to the action of Sartwell against Hagan, or a sufficient ground for dismissing it if Sartwell prosecuted it without Everett's consent. If the receipt were reformed so as to read as Sartwell contends it should read, the legal effect of the assignment and release would remain. Sartwell according to his own statement delivered the assignment and release to the attorney of Hagan, for Hagan's benefit, without insisting upon the payment of the costs. He trusted to Hagan's paying the costs in the future. As the receipt does not discharge or relate to the claim or cause of action of Sartwell, but only to the costs of suit, it could not be pleaded in bar of the action, or used to defeat the action. If Sartwell should bring an action on the promise of Hagan to pay the costs, the validity of the receipt would be material, provided that, notwithstanding the delivery of the assignment and release, an action could be maintained on this promise; but the validity of the receipt is not material in the present suit, when it appears that Sartwell has executed and delivered the assignment and release, concerning which no fraud or misunderstanding is claimed.

*Exceptions overruled.*